IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAX SEIFERT,

        Plaintiff,

        vs.                    Case No. 11-2327-JTM

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KANSAS, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff Max Seifert's Motion to Disqualify (Dkt. 261) the law firm representing the defendants. This motion arose after the parties began the final exchange of exhibits in preparation for the trial scheduled January 26, 2016. Plaintiff's counsel noted that the defense exhibits included reference to six shooting incidents involving the plaintiff during his active duty police service, including one incident in 1980, which generated a separate lawsuit, *Tomec v. Seifert*, No. 81-2235 (D. Kan.).

Seifert was represented in *Tomec* by lawyers from McAnany, Van Cleave & Phillips, a law firm which has had a long-standing relationship with the City of Kansas City, Kansas. *Tomec* proceeded to trial before Judge Saffels, and the jury ultimately returned a verdict in favor of Seifert.

A federal court sitting in Kansas and deciding a motion to disqualify for conflict of interest must look for guidance to the Model Rules adopted in Kansas and to Kansas case law construing those rules. *See Graham ex rel. Graham v. Wyeth Laboratories*, 906 F.2d 1419, 1422–23 n. 5 (10th

Cir.1990). The plaintiff's motion is therefore governed by Kansas Rules of Professional Conduct 1.9 and 1.10.

KRPC 1.9(a) provides that

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Disqualification of an attorney is justified under KRPC 1.9 when the facts demonstrate that "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant." *Weeks v. Indep. Sch. Dist. No. I–89 of Okla. County*, 230 F .3d 1201, 1212 (10th Cir.2000). The burden is on the moving party to show the existence of the conflict. *Briggs v. Aldi, Inc.*, 218 F.Supp.2d 1260, 1267 (D.Kan. 2002). If the movant establishes the first two prongs, an irrebuttable presumption arises that the client has revealed facts to the attorney that require the attorney's disqualification. *United States v. Stiger*, 413 F.3d 1185, 1196 (10th Cir.2005).

Whether an earlier matter is "substantially related" to subsequent litigation is determined on a case-by-case basis. *See Chrispens v. Costal Refining and Marketing*, 257 Kan. 745, 753 (1995). The court must "evaluate the similarities between the factual bases of the two representations [and] reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevancy to the attorney's representation of the current client." *Koch v. Koch Industries,* 798 F.Supp.2d 1525, 1536 (D. Kan. 1992). The court resolves any doubt as the existence of a substantial relationship in favor of disqualification. *See Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d

221, 225 (7th Cir. 1978).

KRPC 1.10 determines when a Rule 1.9 conflict is imputed to an entire law firm. Under 1.10(b),

> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
>> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>>
>> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9 (c) that is material to the matter.

The court finds that the application of Rules 1.9 and 1.10 requires the disqualification of the McAnany, Van Cleave law firm.

The firm's representation of the plaintiff in the earlier litigation is substantially related to this action. The defendant proposes to introduce evidence related to shooting incidents involving the plaintiff while he was employed by the Kansas City, Kansas, Police Department. The defendant has argued that this evidence is relevant because it undermines plaintiff's claim of mental stress and injury, including Post-Traumatic Stress Disorder, which he claims arose when his civilian reserve commission was not renewed. That is, defendants argue, to the extent plaintiff does suffer from PTSD, this is because of his experiences as an on-duty police officer, and not his post-retirement civilian experience.

The defendants point out that *Tomec* was merely one of the six prior shooting incidents, but it is the only one which resulted in fatal injury. The facts and circumstances of the 1980 shooting have been placed directly before this court as material evidence, and the court finds that *Tomec* is substantially related to the issues in the present action.

3

The defendants further note that the two lawyers actively engaged in the *Tomec* defense have separated from the firm or are deceased. Nevertheless, Rule 1.10 requires disqualification. As the Response to the plaintiff's motion acknowledges, a search has revealed that the McAnany law firm has retained its file on the *Tomec* case.

This file, defendants emphasize, "has been stored in dead files and has not been stored at defense counsel's primary office for decades." (Dkt. 263-1, at 7). They further represent, and the court freely accepts, that "[n]o attorney of the MVP law firm has read, reviewed, or examined the contents of the MVP law firm's archived file." (*Id.*) But this is irrelevant, because Rule 1.10 requires disqualification because the law firm "has information" which is confidential in nature and which is substantially related to the present lawsuit. The plain language of Rule 1.10 includes the physical retention of confidential information, whether or not it has been actively reviewed by the attorneys currently involved in the present action. *See Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. & Power Dist.*, 810 F. Supp. 2d 929, 947 (D. Ariz. 2011) (applying a plain language interpretation of Model Rule 1.10).

As it did at the hearing, the court notes that counsel for both parties have acted zealously and professionally with respect to the present issue. The court notes that *Tomec* escaped the conflict of interest review conducted by defendants' counsel because of the age of the case, preceding its system of computerized records. Nevertheless, the court finds that disqualification is required under the terms of Rules 1.09 and 1.10.

4

IT IS ACCORDINGLY ORDERED this 14th day of January, 2016, that the plaintiff's Motion

to Disqualify (Dkt. 261) is hereby granted.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE