IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAX SEIFERT,

        Plaintiff,

        vs.                      Case No. 11-2327-JTM

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY/KANSAS CITY, KANSAS, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

On May 9, 2016, the court conducted a hearing and addressed various matters relating to the present action. The court will set trial and other specific dates by separate order.

The court notes the defendants' intention to obtain the services of a medical expert, and encourages the conclusion of such arrangement by the time of the next status conference in the action, which shall take place on September 21, 2016, at 3:30 p.m. by telephone.

Finally, the court finds defendants are correct in observing that the Tenth Circuit affirmed the denial of qualified immunity as to plaintiff's § 1983 First Amendment

claim, but did not address the defense with respect to plaintiff's § 1985 conspiracy claim. However, this court has addressed the defense, and the issue is not open.

Defendants' qualified immunity argument appeared in Section 4 of their Memorandum in support of summary judgment, and the *only* ground asserted for such immunity, as to the § 1985 claim, was the absence of a property interest in the reserve deputy commission. *See* Dkt. 180, Section 4, at 19 (qualified immunity should exist because plaintiff "does not claim that he was physically injured, and he had no property interest in his position as an unpaid volunteer reserve deputy").

Defendants repeated the same argument in their Reply brief, but did so as a part of their Section 3 argument that the § 1985 claim was defective on the merits. *See* Dkt 198, at 25 (arguing plaintiff's § 1985 claim fails because "he must have a protected property interest in his reserve commission"). Section 4 of the Reply brief argued that defendants Ash and Roland were entitled to immunity with respect to the § 1983 First Amendment retaliation claim, and made no argument for immunity as to the § 1985 claim. *See id.* at 26 ("[t]his issue hinges on *Garcetti*").

The substance of this argument, denominated under whatever heading, was explicitly rejected by this court in its summary judgment ruling. *See* 2013 WL 2631632, at *12 (citing *Haddle v. Garrison*, 525 U.S. 121, 125–26 (1998), and concluding that "a conspiracy claim under § 1985(2) does not require the infringement of a property right").

The Tenth Circuit's decision does not affect this conclusion. That court first quoted with emphasis the explicit language of § 1985, thus observing that the statute is

violated by a conspiracy "to deter … any … witness … or to injure such … witness…" 779 F.3d at *1160. The court then concluded "there was sufficient evidence that Ash and Roland took action (removal from investigations and revocation of his commission) to deter Plaintiff from testifying and to punish him for doing so," and that, by necessary inference, "they acted in concert in doing so." 779 F.3d at 1160.

The court finds that the issues in the case are ready for trial, and, pursuant to the doctrine of the law of the case and as a matter of judicial economy, it will not entertain additional dispositive motions.

IT IS SO ORDERED this 11th day of May, 2016.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE